USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2\9\09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARLOS POLANCO                                       :
                                                     :
                              Plaintiff,             :           08 Civ. 7248 (RMB) (MHD)
                                                     :
         - against -                                 :
                                                     :           <u>ORDER</u>
CHASE SADELL HOLDING CORP.,                          :
                                                     :
                              Defendant.             :
------------------------------------------------------------x

I.      **Background**

On or about August 15, 2008, Carlos Polanco ("Plaintiff"), proceeding <u>pro se</u>, filed a complaint ("Complaint") against Chase Sadell Holding Corp. ("Defendant") alleging, among other things, that he "was wrongly terminated from [his] place of employment as a carpenter due to [his] race." (Compl., dated June 13, 2008, at 5.) Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 <u>et seq.</u> ("Title VII"); the New York State Human Rights Law, Executive Law § 290 <u>et seq.</u> ("NYSHRL"); and the New York City Human Rights Law, Administrative Code of the City of New York § 8-101 <u>et seq.</u> ("NYCHRL"). (<u>See id.</u> at 1.) Plaintiff has not made service of the Complaint as of February 9, 2009.

On or about December 18, 2008, United States Magistrate Judge Michael H. Dolinger, to whom the matter had been referred, issued an order directing Plaintiff "to serve and file an affidavit by Thursday, January 15, 2009, demonstrating good cause, if any, for his failure to accomplish service of the [C]omplaint upon the [D]efendant within 120 days [<u>i.e.</u>, by December 15, 2008], as required by Rule 4(m) of the Federal Rules of Civil Procedure ['Fed. R. Civ. P.']." (Order, dated Dec. 18, 2008 (Dolinger, M.J.), at 1.) On or about

January 13, 2009, Plaintiff submitted a letter requesting "a postponement[] or dismissal of the case I have currently against Chase Sadell Holding Corp." (Ltr. from Carlos Polanco to Hon. Michael H. Dolinger, dated Jan. 13, 2009 ("Jan. 13, 2009 Ltr").)

On or about January 15, 2009, Judge Dolinger issued a thoughtful report and recommendation ("Report"), recommending that the Complaint be dismissed without prejudice because, among other reasons, Plaintiff "has undertaken no steps to arrange for service of process in spite of an explicit warning from the [C]ourt that a failure to do so could lead to a dismissal of the [C]omplaint" and "[i]t appears, although not very clearly, that Plaintiff is waiting for a decision by the [New York State Division of Human Rights] on [one of his claims] before deciding whether to proceed with a lawsuit and in what form he will proceed." (Report at 2.)

Although, pursuant to Fed. R. Civ. P. 72(b)(2), the parties had ten (10) days from being served with a copy of the Report to file written objections, (see Report at 3), to date, neither party has submitted objections.

**For the reasons set forth below, the Report is adopted in its entirety and the above-captioned matter is dismissed without prejudice.**

II.   **Standard of Review**

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

2

### III.  Analysis

A review of the Report shows that Judge Dolinger's recommendations are neither clearly erroneous nor contrary to law.

Judge Dolinger properly determined that the Complaint should be dismissed without prejudice because Plaintiff "was free to arrange for service of the current lawsuit, and has simply chosen not to do so and has not proffered a reasonable justification for refraining to undertake service." (Report at 3); see also Fed. R. Civ. P. 4(m); Hurd v. New York City Health & Hosp., No. 07 Civ. 3073, 2008 WL 2127659, at *3 (S.D.N.Y. May 20, 2008); Cioce v. County of Westchester, No. 02 Civ. 3604, 2003 WL 21750052, at *4 (S.D.N.Y. July 28, 2003); Astarita v. Urgo Butts & Co., No. 96 Civ. 6991, 1997 WL 317028, at *4 (S.D.N.Y. June 10, 1997). In fact, as Judge Dolinger noted, Plaintiff appears to be "waiting for a decision by the [New York State Division of Human Rights] on [one of his claims] before deciding whether to proceed with a lawsuit and in what form he will proceed" and "in [P]laintiff's affirmation of service [of the January 13, 2009 Letter,] he styles the [L]etter as a '**letter to dismiss the case**,' thus indicating that this is his present desire." (Report at 2 & n.2 (emphasis added); see Jan. 13, 2009 Ltr. ("I have decided to wait for the decision from the human rights office, if necessary, before I proceed in deciding what would be the best thing to do with this case."); see also Determination After Investigation in Case No. 10120436, dated Mar. 19, 2008, attached to Complaint at 8.)

IV.     **Conclusion and Order**

For the reasons set forth in the Report and herein, the Court adopts the Report [#5] in its entirety. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       February 9, 2009

_____
RICHARD M. BERMAN, U.S.D.J.